UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| WILLIAM WARD, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 6: 07-350-DCR |
| V. | ) ) | |
| MIKE HARRIS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for screening of Plaintiff William Ward's *pro se* civil rights complaint. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). Ward is currently confined at the Pulaski County Detention Center ("PCDC"), in Somerset, Kentucky, and has filed his Complaint pursuant to 42 U.S.C. § 1983. He alleges that the PCDC Jailer, Mike Harris, has violated his constitutional rights by refusing dental treatment for a tooth Ward allegedly broke in August, 2007. Ward has also filed an application to proceed *in forma pauperis*, which will be addressed by separate Order.

As Ward is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law

and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

### I. Factual Allegations

Ward has submitted a partially-completed complaint form and additional documentation including copies of two grievances, which the Court construes as amendments to the original Complaint. [Record Nos. 2, 6] Through these documents, Ward alleges that on April 27, 2007, he informed the PCDC nurse that he had broken a tooth on a piece of porkchop bone, but the nurse would only give him "oragel" for the pain. Three days later, he purportedly complained to the unnamed Medical Director, who asked if Ward could pre-pay for a dentist appointment. When Plaintiff said, "No," the Director "told me he was going to give me Tylanol [sic] till it fell out, I got upset." After writing a grievance about the matter, Ward states that on "5-15-07 I had my tooth pulled, after 18 days of pain."

Ward next alleges that on August 15, 2007, a corn-dog stick broke-off a piece of another tooth. When he talked to the nurse this time, she allegedly told him that he had "been to the dentist to [sic] many times. If I ask to see the dentist again I would be shipped to another jail." Ward sent a written report of this broken tooth to a "Major Wilson" at the PCDC, and Major Wilson evidently referred the matter to a nurse, who responded with a list of multiple times that a nurse or dentist had attended to Ward's dental problems. In addition to the first broken tooth (broken on April 27th and pulled on May 15th), the nurse states that Ward broke another tooth on June 25th, which was pulled on July 6th, complained of a "bad tooth" on another occasion, and broke another tooth on July 13th. Based on the PCDC's statements, it appears that the tooth

Ward allegedly broke in August, 2007, is the fourth dental issue that Ward complained of in four months. According to Ward, as of October 4, 2007, he was still waiting to see a dentist in connection with this tooth.

Ward has also provided copies of two grievances he filed concerning his dental issues. The first is a formal grievance written on May 1st about the April broken tooth, which appears to have been answered by the Defendant. The other is the note which he wrote to Major Wilson and which was answered by the nurse, on August 15th, the day he broke the most recent tooth. These two documents were accompanied by the following handwritten note from Ward:

> I'm sending the only grievences [sic] that was returned. Before I filed my lawsuite [sic] I wrote Frankfort, I got no reply. I wrote Clerk of Court's in London, I got no reply. I wrote sick call slips; I wrote grievences to Mike Harris no reply. I've been told that only the grievence's that warrant an answer will get an answer.

[Record No. 6] Ward seeks an Order from this Court directing that his broken tooth be pulled and the he be awarded damages for his pain and suffering.

## II. Conclusion

Because Ward has alleged that he is suffering pain and that the Defendant is denying him dental care, the Court construes his allegations to be a claim that Defendant Harris is subjecting him to cruel and unusual punishment in violation of the Constitution's Eighth Amendment, consistent with *Estelle v. Gamble,* 429 U.S. 97 (1976). Accordingly, being sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The Clerk in the divisional office in which the case lies shall: (a) prepare and issue summons for Mike Harris, Jailer of the Pulaski County Detention Center; and (b) prepare as many copies of the Complaint as there are summonses and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(2) After the divisional clerk's office has prepared the summonses, USM Forms 285, Complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a deputy clerk shall forward said documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky.

(3) The Divisional Clerk shall enter the certified mail receipt into the record of this action.

(4) The United States Marshal shall serve the summons, copy of the Complaint, and copy of this Order on each named Defendant by certified mail, return receipt requested.

(5) The United States Marshal shall make a return report to the Court as to whether the summons has been executed or still remains unexecuted within forty (40) days from the date of entry of this Order.

(6) The Plaintiff is directed to keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(7) For every further pleading or other document he wishes to submit for consideration by the Court, the Plaintiff shall serve upon the Defendant, or, if appearance has been entered by counsel, upon the attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This 21st day of November, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge